UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE M. JOHNSON,

    Plaintiff,

v.                                Case No. 3:23-cv-941-BJD-MCR

FISHLEY, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a state prisoner proceeding *in forma pauperis*, initiated this case by filing a pro se Civil Rights Complaint. Doc. 1. He is proceeding on an Amended Complaint against four Defendants – Fishley, W. Monlezun, Phillips, and Patrick Williams. Doc. 23. Plaintiff complains about events that allegedly occurred between April and July 2023. Plaintiff alleges that on various dates during that timeframe, Defendants sexually assaulted him, threatened him, refused to provide him meals, and used excessive force in retaliation for other civil rights cases and administrative grievances Plaintiff filed while housed at Florida State Prison.

Before the Court are Plaintiff's three Motions (Docs. 25, 27, 28) seeking injunctive relief. The Court notes that injunctive relief whether in the form of a temporary restraining order or a preliminary injunction, "is an

'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). The Court addresses each motion in turn

In "Plaintiff's Motion for an Emergency Preliminary Injunction" (Doc. 25), filed on October 5, 2023 (mailbox rule), Plaintiff complains that for three days, Sergeant Achula, Officer D. Robinson, Officer Hester, Sergeant English,

and "others" have refused to feed him in retaliation for a lawsuit Plaintiff filed against Lieutenant McKinney. Doc. 25 at 2. He asserts these officers have worked "in concert" with the named Defendants. *Id.* at 2. He asks the Court to ensure that prison officials feed him and appoint "special counsel" to track his meal service. *Id.* at 7.

In "Plaintiff's Motion for a[] Preliminary Injunction and Temporary Restraining Oder Against Defendant Sgt. Williams" (Doc. 27), filed on October 12, 2023 (mailbox rule), he alleges that on October 10, 2023, Defendant Williams "twisted Plaintiff's right wrist" in retaliation for grievances and lawsuits Plaintiff had pending. Doc. 27 at 2. Plaintiff also asserts that on October 10 and October 11, 2023, Williams searched Plaintiff's cell and threw away his legal documents. *Id.* at 3-4. Plaintiff seeks in injunction barring Williams from having contact with Plaintiff. *Id.* at 7.

In Plaintiff's "Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 28), filed on November 2, 2023 (mailbox rule), Plaintiff asserts that on October 20, 2023, he was moved out of Bravo Wing and away from Defendant Williams. Doc. 28 at 2. According to Plaintiff, however, on November 1, 2023, Lieutenant Roberts advised Plaintiff that he will move Plaintiff back to Defendant Williams's wing so "Williams can finish killing [him]." *Id.* at 2. Plaintiff requests a preliminary injunction to prevent

prison officials from returning Plaintiff to Bravo Wing where Williams works. *Id.* at 3.

In all three Motions, Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. As to the October 5, 2023, Motion (Doc. 25) and the November 2, 2023, Motion (Doc. 28), Plaintiff primarily seeks relief from individuals who are not named Defendants based on conduct that occurred after he initiated this action. In fact, Plaintiff fails to argue, much less demonstrate, a likelihood of success on the merits of his underlying claims against the named Defendants. Likewise, as to the October 12, 2023, Motion (Doc. 27), Plaintiff again complains about conduct that occurred after he initiated this action. And likely of more import, on December 4, 2023 (mailbox rule), Plaintiff filed a separate case against Defendant Williams for Williams's alleged conduct that occurred between September 27, 2023, and October 11, 2023. *See Johnson v. Williams*, No. 3:23-cv-1435-HLA-MCR (M.D. Fla.).

In any event, even if Plaintiff had satisfied the prerequisites for entry of an injunction, he fails to seek appropriate relief. For instance, courts generally will not interfere with matters of prison administration, including an inmate's custody status or his place of incarceration. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Also, Plaintiff essentially seeks an order directing prison officials to obey the law,

which does not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure"). Thus, Plaintiff's requests for injunctive relief (Docs. 25, 27, 28) are due to be denied.

Accordingly, Plaintiff's Motions (Docs. 25, 27, 28) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of January, 2024.

                                                                   BRIAN J. DAVIS
                                                                   United States District Judge

Jax-7

C:   Lee M. Johnson, #W40563